**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| AHERN RENTALS, INC., | 2:11-cv-00726-ECR-RJJ |
| Plaintiff, | **Order** |
| vs. | |
| 916 ELECTRIC, INC., a California coporation; JOHN BANSE, an individual; WPCS INTERNATIONAL INCORPORATED, a foreign corporation; BBS COMMUNICATIONS, INC., a California corporation; NAVIGATORS INSURANCE COMPANY, a foreign surety; ROE ERICSSON ENTITIES I through X, inclusive; ROE CELL TOWER OWNERS/OPERATORS XI through XX, inclusive; ROE SURETIES XXI through XXX, inclusive; and DOE INDIVIDUALS/ ENTITIES XXXI through XL, inclusive, | |
| Defendants. | |

This case arises out of allegations that Defendants have failed to pay Plaintiff Ahern Rentals, Inc. ("Plaintiff" or "Ahern") for the use of Plaintiff's rental equipment for the construction and improvement of cell phone towers and real properties (the "cell sites"). Now pending is Defendant WPCS International Incorporated's ("WPCS") Motion to Dismiss for Failure to State a Claim, or in the Alternative, for a More Definite Statement, and Motion to Transfer Venue (#13).

## I. Factual Background

Plaintiff alleges that on or about December 2, 2009, Plaintiff and Defendant 916 Electric, Inc. ("916 Electric") entered into a written agreement/credit application (the "Agreement/Credit Application") whereby Plaintiff agreed to provide equipment and materials to 916 Electric for the construction and improvement of cell phone towers and real properties.  (Compl. at ¶ 10 (#1-3).) Under the terms of the Agreement/Credit Application, 916 Electric was to pay Plaintiff the rental cost of the equipment and the purchase cost of the materials within ten days of invoicing as well as interest upon past due amounts and attorney's fees in the event of default.  (Id. at ¶¶ 12-13.)  Defendant John Banse ("Banse") personally guaranteed payment of all goods sold or rented to 916 Electric.  (Id. at ¶ 21.)  Plaintiff alleges that it has performed its obligations under the Agreement/Credit Application fully but 916 Electric has failed to make payments in the amount of $340,649.69 plus interest.

On or about June 25, 2008, and prior to the execution of the Agreement/Credit Application, Defendant Navigators Insurance Company ("Navigators") provided 916 Electric with Bond No. 04BC001874 in the amount of $12,500.00 (the "Bond") for the purpose of obtaining a necessary license.  (Id. at ¶ 35.)  Plaintiff alleges that one of the purposes of the Bond was to provide payment to claims such as Plaintiff who are not paid by 916 Electric for work done under contract with 916 Electric.  (Id. at ¶ 36.)

2

1  Plaintiff alleges that Defendant WPCS International
2 Incorporated ("WPCS") contracted with 916 Electric, Defendant BBS
3 Communications, Inc. ("BBS"), and Defendant Roe Ericsson Entities
4 for work related to the construction and/or improvement of the
5 property at issue, and now owns, operators/and or manages the
6 property which was constructed and/or improved using Plaintiff's
7 equipment and materials.  (Id. at ¶ 4.)  BBS also owns, operators,
8 and or manages the property which was constructed and/or improved
9 with Plaintiff's equipment and materials.  (Id. at ¶ 5.)

## II. Procedural Background

12  On April 5, 2011, Plaintiff filed a complaint (#1-3) in the
13 Eighth Judicial District Court of the State of Nevada in and for the
14 County of Clark.  On May 6, 2011, Defendant WPCS filed a petition
15 for removal (#1) to this Court on the basis of diversity
16 jurisdiction.
17  Defendant 916 Electric answered (#12) the complaint (#1-3) on
18 June 10, 2011.
19  On June 13, 2011, Defendant WPCS filed a Motion to Dismiss for
20 Failure to State a Claim, or in the Alternative, for a More Definite
21 Statement, and Motion to Transfer Venue (#13).  Plaintiff responded
22 (#19) on June 29, 2011, and WPCS replied (#31) on November 29, 2011.
23  On December 7, 2011, the Clerk entered default (#34) as to
24 Defendant BBS.

3

### III. Legal Standard

Title 28 U.S.C. § 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Under section 1404(a), a district court has discretion to decide motions for transfer on an individualized, case-by-case consideration of convenience and fairness.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  When a court evaluates a section 1404(a) motion, the "plaintiff's choice of forum is entitled to 'paramount consideration,' and the moving party must show that a balancing of interests weighs heavily in favor of transfer."  Galli v. Travelhost, Inc., 603 F. Supp. 1260, 1262 (D. Nev. 1985) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)).  The burden therefore falls on the moving party to make the showing that a change of venue is warranted.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Galli, 603 F. Supp. at 1262.

In assessing whether to grant a motion to transfer, the Court is presented with two questions: whether the action "might have been brought" in the proposed transferee district; and whether the transferee forum is more convenient.  See 28 U.S.C. § 1404(a). Here, neither party disputes that this case could have been brought in the Eastern District of California.  Determining whether to transfer a civil action to another forum "for the convenience of the

4

parties and witnesses" and "in the interest of justices" requires the Court to consider the following factors:

    (1) the location where the relevant agreements were negotiated and executed,

    (2) the state that is most familiar with the governing law,

    (3) the plaintiff's choice of forum,

    (4) the respective parties' contacts with the forum,

    (5) the contacts relating to the plaintiff's cause of action in the chosen forum,

    (6) the differences in the costs of litigation in the two forums,

    (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and

    (8) the ease of access to sources of proof.

Id. at 498-99.  The Court now turns to these factors to analyze the issue of convenience.

## IV. Discussion

Here, neither party disputes that this case could have been brought in the Eastern District of California.  The Court therefore now turns to the Jones factors to analyze the issue of convenience.

    **A.  Location Where the Agreement was Negotiated and Executed**

Defendants aver that the Agreement/Credit Application was negotiated and formed in Northern California.  (Evans Decl. (#14) at ¶ 8.)  It appears that Plaintiff does not dispute that the Agreement/Credit Application was executed by signatory Defendant Banse on behalf of Defendant 916 Electric in Northern California; however, Plaintiff qualifies that the Agreement/Credit Application

5

was faxed to Plaintiff's Las Vegas headquarters and approved there because store branches do not have authority to enter into such agreements. (Garcia Decl. (#19-A) at ¶¶ 7-9.) However, Plaintiff does not dispute that Jeff McGregor, the salesman most responsible for 916 Electric's account with Plaintiff (Id. at ¶ 10), was based out of Plaintiff's Sacramento branch office and resides in Northern California. It therefore appears to the Court that the Agreement/Credit Application was negotiated and executed in the Eastern District of California, albeit conditioned on the approval of employees located at Plaintiff's Las Vegas headquarters. This factor therefore falls in favor of transfer to the Eastern District of California.

**B.   State Most Familiar With the Governing Law**

Section 3(e) of the Agreement/Credit Application provides that it "will be governed by the laws of the state in which the equipment is rented or the State of Nevada, whichever Ahern prefers." (Credit Application/Customer Agreement (#19-A1) at 2.) It appears from the filings that Ahern has elected to proceed pursuant to the laws of the State of Nevada, therefore the District of Nevada is the forum most familiar with the governing law.

Defendant counters that both California and Nevada acknowledge apply the Restatement (Second) Conflict of Laws, which in relevant part provides that a choice of law provision need not be complied with if the following conditions are met:

> application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would

6

   be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) Conflict of Laws, § 187(2)(b) (1971).  Even if California has a materially greater interest than Nevada in the determination of the issue, Defendant WPCS has not shown that a fundamental policy of the state of California would be foiled by the application of Nevada law.  The Court will therefore assume, without deciding, that Section 187 therefore does not apply and the choice of law provision found in the Agreement/Credit Application should be honored.  For the foregoing reasons, this factors falls favor of maintaining the action in the District of Nevada.

  **C.** **Plaintiff's Choice of Forum**

  Plaintiff has chosen to litigate the issue in the state of Nevada.  This factor therefore falls in favor of maintaining the action in the District of Nevada.

  **D.** **The Parties' Contacts With the Forum**

  Defendant contends that its only contacts with the state of Nevada are comprised of the following: (1) Plaintiff Ahern's headquarters are located in Las Vegas, and (2) approximately 2% of the 345 cell cites improved with equipment rented from Plaintiff were located in Northern Nevada, with the remaining 98% located in California.  (Krouse Decl. (#15) at ¶ 2.)  With the exception of Defendant Navigators Insurance, a New York corporation, all the other Defendants are California citizens.  (Evans Decl. (#14) at ¶ 2,4-7.)  Additionally, Plaintiff Ahern operates seventy-four branch locations in twenty-two states,

7

seventeen of which are located in California and ten in Nevada. (Id. at ¶ 3.)  Defendant avers that all rental contracts subsequent to the Agreement/Credit Application were executed in California and nearly all the equipment rented from Plaintiff came from its California branches.  Defendant further points out that while Plaintiff claims it is owed $340,649.69 in unpaid sums, only $22.215.16 is for equipment rented out of Plaintiff's Nevada locations. (Garcia Decl. (#19-A) at ¶ 21.)

Plaintiff, a Nevada corporation, argues that employees in Las Vegas had to approve every request for credit before allowing 916 Electric to rent the equipment, and Las Vegas employees had to contact branches in Nevada and California to ensure the right equipment was available for pick up.  Further, Defendants WPCS and 916 Electric are licensed to do business in Nevada.

Given these facts, this factor falls in favor of transfer: Plaintiff has extensive contacts with California, including maintaining the branch office involved in the transaction underlying this suit, while the Defendants' contacts with Nevada appear to be limited to dealings with Plaintiff.

**E.  Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum**

Plaintiff's causes of action, for the most part, arise from its dealings with Defendants in California.  Plaintiff's first cause of action against Defendant 916 Electric relates to the Agreement/Credit Application that was negotiated and executed in the Eastern District of California, as determined above.

8

Plaintiff's second cause of action arises against Defendant Banse as a personal guarantor of the Agreement/Credit Application he executed on behalf of 916 Electric.  Plaintiff's third cause of action for unjust enrichment and fourth cause of action for "monies due and owing" arise out of the Agreement/Credit Application whereby Plaintiff rented out its equipment for the improvement of cell phone tower sites, 98% of which are located in California.  Plaintiff's fifth cause of action against Defendant Navigators Insurance also arises out of Plaintiff's dealings with Defendant 916 Electric relating to the Agreement/Credit Application.  Plaintiff's entire case arises out of its dealings with citizens of California, the Agreement/Credit Application that was negotiated and executed there, and the improvement of cell sites in California.  As such, this factor falls squarely in favor of transfer to the Eastern District of California.

**F.   Cost of Litigation in the Two Forums**

Defendants submit that litigation will be more costly in Nevada given that all of their witnesses and evidence are located in California.  All of the Defendants, with the exception of Navigators insurance, hail from California. Plaintiff Ahern, which is located in twenty-two states with seventeen California branch offices, does not argue that litigation would be less costly in Nevada.  The Court therefore finds that this factor falls in favor of transfer.

9

### G. Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

Federal Rule of Civil Procedure 45 provides that civil subpoenas may be served at any place: (1) within the district of the issuing court, (2) within 100 miles of the court where the case is to be tried; or (3) within the state if a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the trial. FED. R. CIV. P. 45(b)(2). The California Code of Civil Procedure authorizes state wide service. Cal. Code Civ. P. § 1989; see also Cambridge Filter Corp. v. Internat'l Filter Co., Inc., 548 F. Supp. 1308, 1331 (D. Nev. 1982). Attendance of witnesses from throughout California could therefore be compelled via subpoenas issued by the proposed transferee court.

Defendant has noted that all of its witnesses reside in California, which follows from the fact that the incidents forming the basis of this suit occurred in California. A number of these witnesses are no longer employed by Defendants and therefore may only be subpoenaed by a California court.[1] This Court is without the power to subpoena witnesses residing in the Sacramento area, as they do not reside within 100 miles of this Court. Plaintiff has alleged no such witnesses who are no longer employees. This factor therefore falls in Defendant's favor.

---

[1] The Court notes that, contrary to Defendant WPCS's assertion, Defendant Banse has been served with process as of September 22, 2011. (Proof of Service John Banse (#27).)

10

Further, the Court finds it necessary to address the overall convenience of the witnesses at this juncture. See Cambridge Filter, 548 F. Supp. at 1311 ("A primary concern is the convenience of the witnesses."). Plaintiff lists a number of its Reno and Las Vegas employees that were involved with approving rental agreements submitted from the branch offices and/or contacting branch offices to ensure that the rental equipment would be available to Defendants for pick-up. However, Plaintiff does not purport to call all of these employees as witnesses. Further, the Reno employees, should they be called as witnesses, would be more inconvenienced by travel to Las Vegas than by travel to Sacramento, which is much closer geographically. Moreover, the facts indicate that Plaintiff may wish to call as witnesses some of its California branch office employees. As noted previously, all the Defendants, with the exception of New York resident Navigators Insurance, and all their witnesses reside in Northern California. Further, because the incidents underlying this suit occurred for the most part in the Northern California, the Court finds that it would be more convenient for the witnesses to this suit to transfer the case to the Eastern District of California.

### 8. Ease of Access to Sources of Proof

With regard to ease of access to sources of proof, the location of the witnesses is an important factor and falls in favor of transfer, as outlined above. Defendant further argues the besides the fact that Plaintiff's billing is located in its

11

Las Vegas headquarters, all remaining proof is located in California.  Plaintiff counters that "[t]his case is primarily an accounting case," and therefore the information regarding Defendants' failure to pay is located primarily at Plaintiff's headquarters in Las Vegas.  The Court finds that this factor favors Defendants, as ease of access to witnesses would be promoted by transfer.  Further, a change of venue would not change Plaintiff's access to its own documentary evidence.

It is true that a plaintiff's choice of forum should not be lightly disturbed.  However, the Court finds that most of the Jones factors favor transfer and that it would be more convenient for the parties and witnesses to litigate this case in the Eastern District of California, where most of the parties and witnesses reside, and where the facts underlying this suit occurred.  The Court finds it compelling that it would be unable to subpoena a number of important non-party witnesses should they refuse to testify, witnesses that would be subject to the subpoena power of the transferor court.  To deny Defendants access to these witnesses would not be in the interests of justice.  The fact that Plaintiff's headquarters are located in Las Vegas and Plaintiff's choice of law provision provides for Nevada law is not enough to override the fact that the transferee forum would be vastly more convenient for the reasons listed above, especially given Plaintiff's extensive contacts with the forum, out of which this suit arises.

## V. Conclusion

Defendants have satisfied their high burden of showing that this case should be transferred to the Eastern District of California out of convenience to the parties and witnesses and in the interests of justice pursuant to 28 U.S.C. § 1404(a).

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant WPCS's Motion to Transfer Venue for Convenience (#13) is **GRANTED**. This case is hereby transferred to the Eastern District of California.

**IT IS FURTHER ORDERED** that Defendant WPCS's Motion to Dismiss, or in the Alternative, for a More Definite Statement (#13) is **DENIED** without prejudice as moot. Defendant WPCS may renew its motion in the transferee court.

DATED: February 22, 2012.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE